IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DENISE BURGESS,                    )
                                   )
     Plaintiff,                    )
                                   )
          v.                       )     1:09cv763 (JCC)
                                   )
STUART W. BOWEN, JR.,              )
Special Inspector General          )
for Iraq Reconstruction,           )
                                   )
     Defendant.                    )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on: (1) Plaintiff's
Motion *In Limine* to Bar Defendant from Presenting at Trial
Evidence, Arguments, or Testimony Suggesting That Plaintiff Was
Fired and Not Reassigned Due to Alleged Deficiencies In The
Performance of Her Duties As Assistant Inspector General for
Public Affairs ("Plaintiff's Motion *In Limine* re Evidence of Job
Performance")[Dkt. 77]; (2) Plaintiff's Motion *In Limine* to Bar
Defendant from Presenting at Trial Arguments or Testimony
Concerning Internal Complaints Made Against Plaintiff by
Kristine Belisle and Sylvia Blackwood-Boutelle ("Plaintiff's
Motion *In Limine* re Complaints") [Dkt. 78]; (3) Plaintiff's
Motion *In Limine* to Preclude Statements to the Jury Concerning
the Agency's Finding of No Discrimination ("Plaintiff's Motion

1

*In Limine* re Final Agency Decision") [Dkt. 79]; (4) Defendant's

Motion *In Limine* to Exclude All Evidence Alleging SIGIR

Officials Engaged in Non-EEO-Related Inappropriate Conduct

("Defendant's Motion *In Limine*") [Dkt. 82].

For the following reasons, the Court will grant in

part and deny in part Plaintiff's Motion *In Limine* re Evidence

of Job Performance, deny Plaintiff's Motion *In Limine* re

Complaints, grant Plaintiff's Motion *In Limine* re Final Agency

Decision, and grant in part and deny in part Defendant's Motion

*In Limine*.

## I. Background

This case arises out of plaintiff Denise Burgess's

("Plaintiff" or "Burgess") termination from the Office of the

Special Inspector General for Iraq Reconstruction ("SIGIR"), and

the Defendant's decision not to offer her an alternative

position. Plaintiff alleges her termination and denial of

transfer was the result of racial discrimination, and/or in

retaliation for her complaints regarding racial discrimination,

in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e et seq. ("Title VII").

In advance of the jury trial, on September 19, 2012

Plaintiff and Defendant filed a series of Motions *In Limine* to

exclude certain testimony and exhibits. [Dkts. 77, 78, 79, 82.]

Both parties filed their responses on September 24, 2012.

[Dkts. 89, 90, 91, 92.]  Both parties replied on September 26, 2012.  [Dkts. 95, 96, 97.]

The parties' Motions *In Limine* are before the Court.

## II.    Standard of Review

All relevant evidence is admissible unless there are constitutional, statutory, and rule-based exceptions preventing its admission.  *See* Fed. R. Evid. 402.  Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Consequently, what constitutes "relevant evidence" depends on the facts of the case, the nature of the claims, and the associated defenses to the claims.  Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]."  *Luce*, 469 U.S. at 41.  A district court's rulings

on the admissibility of evidence are reviewed for abuse of discretion.  *See United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).

### III.    Analysis

**A. Plaintiff's Motion *In Limine* re Evidence of Job Performance**

Plaintiff moves to prevent Defendant from generally introducing any evidence, testimony, or arguments regarding Plaintiff's job performance of her duties as Assistant Inspector General for Public Affairs ("AIG-PA") for the purpose of showing Plaintiff's performance was deficient.  [Dkt. 77.]  Plaintiff also argues for the exclusion of the following specific exhibits in Defendant's pretrial exhibit list regarding this issue: Def. Prop. Exs. 24-27, 29, 34, 47, 53, 56, 75.  (Pl. Mem. [Dkt. 77] at 12-13.)  Based on Plaintiff's review of Defendant's exhibit list and discussions with Defendant's counsel, Plaintiff asserts that Defendant plans to use this testimony, evidence, and arguments to support the theory that Plaintiff was terminated or denied an alternate position in lieu of termination because of her substandard performance as AIG-PA.  (*Id.* at 2.)

Plaintiff characterizes this theory as new, not disclosed in discovery, and contrary to Defendant's prior positions taken during discovery or pleadings before this Court and the Fourth Circuit.  *Id.*  Instead, regarding her

termination, Plaintiff argues that (1) Defendant has repeatedly admitted that Plaintiff's conduct and performance was not related in any way to this decision and that (2) Defendant has stated its decision only was based an alleged reorganization due to budget constraints. (*Id.* at 3-5.)

Regarding Defendant's decision not to offer Plaintiff an alternate position as the Director of Public Affairs ("DPA") or as a Senior Advisor, Plaintiff argues that Defendant has not claimed that Plaintiff's performance was related to this decision. Plaintiff also argues Defendant previously has provided only three reasons why Plaintiff was not offered the DPA position: (1) the new position was not a management position and thus, as a managerial employee, Plaintiff was overqualified; (2) the position did not include any support staff, which Plaintiff had requested as AIG-PA; and (3) the position required the candidate to do "heavy lifting," that is, administrative tasks. *Id.* at 6-8. Finally, Plaintiff asserts that Defendant previously has argued that Plaintiff was not offered the Senior Advisor Position due to budget constraints rather than her performance as AIG-PA. *Id.* at 9.

As a result, Plaintiff raises three arguments for why these exhibits, testimony, and arguments should be precluded. First, Plaintiff argues that Defendant cannot raise evidence or arguments that are new or contrary to statements made in the

deposition of Defendant's Rule 30(b)(6) designee. *Id.* at 9-10.
Second, Plaintiff argues that Defendant is judicially estopped
from arguing or introducing evidence regarding Plaintiff's
quality of performance as AIG-PA. *Id.* at 10. Third, Plaintiff
argues that testimony and evidence regarding Plaintiff's quality
of performance as AIG-PA are irrelevant and even if deemed
relevant, their probative value is outweighed by the danger of
unfair prejudice, confusing the issues, misleading the jury, and
wasting time. *Id.* at 10-12.

At the September 28, 2012 hearing, Defendant agreed
that Defendant's proposed exhibits 25 and 29 should be
withdrawn. Otherwise, Defendant continues to contest the
exclusion of proposed exhibits 24, 26-27, 34, 47, 53, 56, and
75. Defendant asserts that Plaintiff's arguments
mischaracterize two key issues: (1) Defendant's planned use of
the testimony, evidence, and arguments regarding Plaintiff's
performance as AIG-PA; and (2) the timing of Defendant's
position and the supporting evidence. (Def. Opp. [Dkt. 92] at
1-3.) First, Defendant asserts that it does not contend, and
has never contended, that Plaintiff's performance was deficient
for her role of AIG-PA. Instead, Defendant argues that it
intends to use testimony, evidence, and arguments regarding
Plaintiff's performance as AIG-PA to support its legitimate non-
discriminatory reason for not offering Plaintiff the alternate

position of DPA: that Plaintiff was not capable of performing the duties of *that* position. (*Id.* at 1-2.) Thus, Defendant asserts that the challenged evidence and testimony are relevant to its assertion that Plaintiff could not perform all of SIGIR's public affairs-related duties by herself without a staff to help her accomplish those duties, and that the candidate who filled the DPA position (Kristin Belisle) was better qualified. *Id.* at 2-3.

Second, Defendant argues that its position and the supporting evidence have been consistent throughout this litigation, rather than an "eleventh hour theory" or advanced "on the eve of trial" as Plaintiff asserts (*id.* at 3 (*quoting* Pl. Mem. [Dkt. 77] at 2)). In support, Defendant notes that its current exhibit list contains the same exhibits that were listed over two years ago in the original pretrial exhibit list, and that the exhibits in question were produced in discovery. *Id.* at 3. In addition, Defendant disputes that it took a different position in its Rule 30(b)(6) deposition, arguing that it consistently stated both that Plaintiff was not terminated because of substandard performance as AIG-PA *and* that it did not offer Plaintiff the DPA role because it deemed that she would not be effective in that position but that Ms. Belisle would be. *Id.* at 3-4.

After considering the evidence, testimony, and arguments at issue, and Plaintiff's three arguments for their exclusion, the Court concludes that Plaintiff's Motion *In Limine* re Evidence of Job Performance should be denied in part and granted in part for the reasons stated below.   The Court will address Plaintiff's arguments in turn.

> **1.      Whether Defendant's Previous Positions Bar or Judicially Estop It From Introducing The Evidence, Testimony, or Arguments**

To begin, after reviewing the record, the Court rejects Plaintiff's assertion that Defendant's previous position in its Rule 30(b)(6) deposition and in previous proceedings in this Court and the Fourth Circuit is contrary to the position Defendant seeks to support through the evidence, testimony, and arguments at issue here.  Defendant agrees with Plaintiff that it has not claimed, and does not seek to claim, that Plaintiff's termination was based on her job performance as AIG-PA.  As a result, Plaintiff's numerous record cites noting that Defendant took this position previously do not bear on the issue here.

The parties disagree, however, about whether Defendant's current position on the reasoning behind its denial of a transfer to Plaintiff is new or contrary to its previous positions.  The Court agrees with Defendant that it consistently has argued that Plaintiff did not receive the DPA position

because it believed she "was not capable of performing" and "would not be effective" in the new lower level, consolidated, single person public affairs position for several reasons, including her managerial skills, her inability to perform public affairs work on her own without additional support, and the need for the candidate to perform administrative tasks. (Def. Opp. [Dkt. 92] at 2-4.) And in fact, Plaintiff concedes that she does not seek the exclusion of evidence or arguments related to these latter specified reasons for her not receiving the new role. (Pl. Mem. [Dkt. 77] at 4.) Rather, Plaintiff appears to conclude that these specified reasons are mutually exclusive with, or contrary to, the position that Plaintiff's performance of her AIG-PA duties were related to her not receiving the DPA job. Such a conclusion is not apparent to the Court. Rather, it seems logical—indeed obvious—that Plaintiff's performance, actions, and statements while employed would serve as the factual foundation for (a) Defendant's specific conclusions (Defendant's primarily managerial rather than administrative skill set, Defendant's inability to perform the Public Affairs division's duties without support) in support of (b) Defendant's general conclusion that Plaintiff would not be as effective or capable of performing in the DPA role as another candidate.

Moreover, Plaintiff fails to point to any place in the record where Defendant indicated that Plaintiff's performance as

AIG-PA was *unrelated* to its assessment that she was not the right person for the DPA or Senior Advisor roles, including for the specific reasons above. Plaintiff's citation to Ginger Cruz's statement that she "had no performance issues with Denise. . . . None," does not convince the Court otherwise. (Pl. Mem. [Dkt. 77] at 10.) There is a difference between stating that Plaintiff performed her AIG-PA role competently and saying that Plaintiff's actions and statements during her job as AIG-PA did not factor into any of Defendant's reasons or overall conclusions about whether to offer Plaintiff the DPA position or a Senior Advisor Role.

Finally, the Court notes that Defendant correctly points out that the particular exhibits at issue are the exact same exhibits previously listed over two years ago in Defendant's original pretrial exhibit list. (*See* Dkt. 37.)

Thus, the Court concludes that the positions taken by Defendant in its Rule 30(b)(6) deposition do not bar Defendant from introducing evidence or arguments regarding Plaintiff's performance as AIG-PA as related to the decision not to reassign her to the new roles. Likewise, the positions that Defendant generally has taken in this litigation do not judicially estop it from introducing such evidence or arguments. Instead, the admissibility of this evidence and testimony, as well as related

arguments, turns on its relevance, probative value, and potential to mislead, confuse, or prejudice.

## 2. Whether Evidence and Testimony Should Be Excluded as Irrelevant or Because of Its Potential to Mislead, Confuse, or Prejudice

Under Federal Rule of Evidence 402, all relevant evidence generally is admissible. Fed. R. Evid. 402. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." F.R.E. 403. In the following discussion, the Court will address the relevance, probative value, and potential to mislead, confuse, or prejudice, of the evidence and testimony regarding Plaintiff's performance. In weighing these, the Court will examine whether the evidence should be excluded under Rule 403.

Plaintiff argues that evidence and testimony regarding Plaintiff's alleged poor performance as AIG-PA is irrelevant to Defendant's stated rationales for not offering Plaintiff an alternate role at SIGIR. (Pl. Mem. [Dkt. 77] at 11.) In response, Defendant reiterates that the evidence and testimony, including the specifically objected-to exhibits, regarding Plaintiff's performance as AIG-PA is *not* evidence or testimony introduced to show that Plaintiff poorly performed the role of AIG-PA. (Def. Opp. [Dkt. 92] at 2-3.) Instead, Defendant

argues Defendant's performance, actions, and statements in her AIG-PA role—while not deficient for *that* role—are relevant to whether she would be able to perform the new roles in question. In particular, Defendant asserts this evidence and testimony is directly relevant to Defendant's belief that Plaintiff was not capable of performing her public affairs-related duties solely herself, without a staff to help her accomplish those duties, and thus was not best qualified for the DPA position. (Def. Opp. [Dkt. 92] at 2-3.)

The Court concludes that evidence and testimony regarding Plaintiff's performance is admissible *provided that it is introduced for the above purpose*. As a general category, such evidence and testimony would make more probable a crucial asserted fact: Defendant's proffered legitimate nondiscriminatory reasons for denying Plaintiff the DPA or Senior Advisor roles. Likewise, the Court also finds that the contested exhibits (Def. Prop. Exs. 24, 26-27, 34, 47, 53, 56, 75) are relevant to Defendant's assessment of whether Plaintiff was the right candidate for the DPA position.

Moreover, Plaintiff does not convincingly present reasons for why the probative value of the broad category of evidence or testimony regarding her performance is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Evidence and testimony regarding

Plaintiff's performance, in particular her need for assistance with the public affairs duties, are a crucial foundation for Defendant's conclusion about whether Plaintiff was qualified for the DPA position, and thus are highly probative.  In contrast, Plaintiff's arguments regarding prejudice and misleading or confusing the jury primarily rest on a mischaracterization of Defendant's planned use and corresponding relevancy of the evidence and testimony in question.

Consequently, Plaintiff's motion is denied as to Defendant's proposed exhibits 24, 26-27, 34, 47, 53, 56, 75 and the broad category of evidence, argument, and testimony related to Plaintiff's job performance.  Based on Defendant's agreement at the hearing that Defendant's proposed exhibits 25 and 29 should be withdraw, Plaintiff's motion is granted as to these two proposed exhibits.

### B. Plaintiff's Motion *In Limine* re Complaints

In a related motion *in limine*, Plaintiff moves to preclude Defendants from introducing arguments or testimonial evidence concerning internal complaints made against Plaintiff by two subordinates, Ms. Belisle and Sylvia Blackwood-Boutelle. (Pl. Mem. [Dkt. 78] at 1.)  Plaintiff argues that based on discussions with Defendant's counsel, she believes Defendant may seek to introduce such arguments or testimony at trial.  (*Id.* at 2.)  Plaintiff asserts that such testimony and arguments would

be irrelevant because these complaints are unrelated to Defendant's stated rationales for terminating and not reassigning Plaintiff. (*Id.*) In addition, Plaintiff argues that these complaints against her would be substantially prejudicial and would distract the jury from Defendant's actual proffered legitimate non-discriminatory reasons for its actions towards Plaintiff. (*Id.* at 3.)

As a preliminary matter, Defendant notes that it has no intention to present any evidence or testimony regarding complaints made by Ms. Blackwood-Boutelle. (Def. Opp. [Dkt. 90] at 1.) Defendant also responds that Plaintiff has failed to identify or define specifically the internal complaints to which she objects, their substance, or their location in the record. As a result, Defendant argues Plaintiff's motion should be denied. (*Id.* at 3.)

Despite this lack of specificity, Defendant identifies certain complaints by Ms. Belisle about the duties which Plaintiff wanted her to perform as Plaintiff's subordinate and argues this testimony is relevant for two purposes. First, Defendant asserts that this testimony is relevant to show the manner in which Plaintiff ran the Office of Public Affairs, particularly her delegation of tasks or use of support staff. (*Id.* at 4.) As such, Defendant argues this goes directly towards its proffered rationales for denying her reassignment to

the DPA role, including her need for support staff. (*Id.*)
Second, Defendant asserts that this testimony is relevant to
Plaintiff's claim that she was replaced by a lesser qualified
white woman, Ms. Belisle, who allegedly had been terminated for
performance deficiencies. (*Id.* at 5.) Defendant contends that
Ms. Belisle's testimony about her complaints is highly relevant
to undermining this claim and to establishing that she left
voluntarily rather than due to performance deficiencies on her
part. (*Id.*)

It appears to the Court that Plaintiff seeks to use
this motion *in limine* as another attempt to exclude evidence,
testimony, and arguments related to Plaintiff's AIG-PA
performance introduced to demonstrate Defendant's basis for
deeming Plaintiff incapable of optimally filling the DPA role.
(*See* Pl. Reply [Dkt. 95] at 3.) As such, this motion is denied
for the same reasons stated for denying the exclusion of the
broad category of evidence, argument, and testimony related to
Plaintiff's performance in Section III.A regarding Plaintiff's
associated Motion *In Limine* Re Evidence of Job Performance.

### C. Plaintiff's Motion *In Limine* re Final Agency Decision

In her third motion *in limine*, Plaintiff seeks to
preclude statements to the jury concerning the finding of no
discrimination contained in the administrative agency's Final
Agency Decision ("FAD"). [Dkt. 79.] Plaintiff argues that the

15

FAD is relevant solely to establish Plaintiff's proper exhaustion of administrative remedies, an issue of law which is only for the court. (Pl. Mem. [Dkt. 79] at 1.) In its response, Defendant notes that it neither seeks to introduce the FAD into evidence nor disputes Plaintiff's administrative remedy exhaustion, and that the FAD thus is irrelevant. (Def. Resp. [Dkt. 89] at 1.) Nonetheless, Defendant states that it does not oppose Plaintiff's motion. Given Defendant's lack of opposition to Plaintiff's motion, the Court grants the motion.

### D. Defendant's Motion *In Limine*

In its motion *in limine*, Defendant seeks an order prohibiting Plaintiff from offering any evidence, argument, or testimony related to allegations or investigations into SIGIR or its employees regarding matters unrelated to Plaintiff's allegations of racially discrimination and associated retaliation. (Def. Mem. [Dkt. 83] at 1.) Defendant also moves that such an order specifically preclude Plaintiff from introducing the following: her proposed exhibits 7, 19, 27, 34-36, 39-41, 115-120, and 127;[12] any evidence, argument, or testimony regarding news articles unrelated to the allegations of race discrimination and associated retaliation; and any

---

[1] Defendant provided these updated exhibit numbers in its reply, as the number of Plaintiff's proposed exhibits had changed. (Def. Reply [Dkt. 97] at 1.)
[2] The Court notes that in the September 28, 2012 hearing, Defendant stated that it withdrew its objections to Plaintiff's proposed exhibits 19, 27, 34, and 37. As a result, the Court stated it would admit these exhibits provided they were relevant. The Court discusses their relevancy below.

evidence, argument, or testimony regarding allegations that SIGIR officials were the subject of grand jury or President's Council on Integrity and Efficiency's investigations, or engaged in corruption, harassment, sexually inappropriate misconduct, "witchcraft," or "sorcery." (*Id.* at 2.)

Defendant raises four arguments for why the Court should exclude evidence, arguments, and testimony regarding allegations and investigations regarding SIGIR officials engaging in corruption, harassment, and other inappropriate conduct: (1) these allegations and investigations are irrelevant to Plaintiff's claims; (2) even if they were relevant, they are unfairly prejudicial; (3) they are inadmissible character evidence; and (4) the news articles and many statements in deposition testimony about these allegations are inadmissible hearsay and hearsay within hearsay.

As a preliminary manner, in her response Plaintiff agrees to exclude voluntarily certain exhibits and testimony to which Defendant objects. (Pl. Opp. [Dkt. 91] at 6.) The voluntarily excluded exhibits and testimony specifically include Plaintiff's proposed exhibits 36, 116-120, and 127. Plaintiff's exclusions also generally include affirmative testimony regarding allegations or rumors of sorcery, witchcraft, grand jury and Department of Justice investigations, and sexual misconduct. (*Id.*) Plaintiff specifies, however, that her

exclusions do not include exhibits or testimony regarding
Plaintiff's work on particular media inquiries or work for the
investigation by the President's Council on Integrity and
Efficiency ("PCIE"). (*Id.*) At the September 28, 2012 hearing,
Plaintiff also agreed to exclude her proposed exhibit 7.

Plaintiff contests Defendant's motions to the extent
it would exclude four categories or pieces of evidence,
testimony, or argument. First, Plaintiff objects to Defendant's
motion to the extent it would exclude evidence introduced to
show Plaintiff's good job performance, including (a) news
articles regarding SIGIR's work and officials that demonstrate
the media challenges she handled (Pl. Prop. Ex. 19, 27, 34-35,
39-41) and (b) an email relating to Plaintiff's work addressing
these media situations (Pl. Prop. Ex. 37). (Pl. Mem. [Dkt. 91]
at 2-4.) Second, Plaintiff objects to Defendant's motion to the
extent that it would require the exclusion or redaction of her
proposed exhibit 82, the July 23 email in which she mentions
attending a PCIE meeting and then engages in protected activity
by complaining of race discrimination. (Pl. Mem. [Dkt. 91] at
4-5.) Third, Plaintiff objects to Defendant's motion to the
extent that it would require the exclusion of deposition
testimony by herself and former AIG for Congressional Affairs
Marthena Cowart regarding discrimination complaints or other
complaints against SIGIR. (Pl. Mem. [Dkt. 91] at 5-6.)

Finally, Plaintiff asserts that although she voluntarily will not present affirmative testimony on allegations or rumors of sorcery, witchcraft, investigations in SIGIR and SIGIR officials, and sexual misconduct, she may seek to use this evidence for impeachment purposes as necessary.

The Court will address these disputed categories and pieces of evidence in turn, addressing Defendant's arguments for their exclusion and Plaintiff's response.

### 1. Evidence Introduced to Allegedly Show Plaintiff's Good Job Performance

Plaintiff asserts that Defendant seeks to argue that Plaintiff's performance was substandard and thus evidence regarding her good performance is relevant to such an issue. As a general matter, Defendant contests that this category of evidence is irrelevant because Plaintiff's arguments for its relevancy are based on a mischaracterization of Defendant's proposed evidence on Plaintiff's performance as AIG-PA. (Def. Reply [Dkt. 97] at 2.) As discussed in detail in Section III.A, Defendant explains that there is a distinction between using performance evidence to support Defendant's rationales and decision to not offer her the DPA position versus using performance evidence to argue that Plaintiff carried out her AIG-PA duties insufficiently. (*Id.*)

The Court agrees with Defendant that evidence designed to demonstrate Plaintiff's good job performance is irrelevant to Defendant's stated rationales for its decision not to offer Plaintiff the DPA role. Moreover, even if Plaintiff's good job performance was a relevant issue, the Court finds that the specifically contested exhibits are not actually relevant to proving this. First, the news articles regarding SIGIR's work in Iraq and about investigations against SIGIR officials do not make it more or less probable that Plaintiff performed her job competently. (Pl. Prop. Exs. 19, 27, 34-35, 39-41 [Dkts. 91-1, 91-3, 91-4, 91-5, 91-6, 91-7].) They may illustrate the media challenges with which she had to deal, but they do not provide any objective indication or measure of her performance on these challenges. Second, the same is true of Plaintiff's proposed exhibit 37, an email indicating Plaintiff's trip to Iraq was canceled so she could address certain media challenges. (Pl. Prop. Ex. 37 [Dkt. 91-8].) As a result, these exhibits are irrelevant. The Court notes that although Defendant withdrew its objection to Plaintiff's proposed exhibits 19, 27, 34, and 37 in the September 28, 2012 hearing, these exhibits should not be admitted because the Court has concluded that they are not relevant.

For these reasons, the Court concludes that Plaintiff's proposed exhibits 19, 27, 34-35, 37, and 39-41 should be excluded.

### 2. Plaintiff's July 23 Email Regarding PCIE Meeting and Complaining of Race Discrimination

Plaintiff argues that Defendant's requested exclusions would require her proposed exhibit 82, the July 23rd email in which she complained about racial discrimination, to be excluded or redacted. As acknowledged in the parties' stipulation [Dkt. 94], this email constituted protected activity. Thus, as Plaintiff notes, this email is relevant because it is a crucial piece of evidence of her engaging in protected activity, an element of her retaliation claim. Nonetheless, the first two sentences of the email mention to Plaintiff attending an appointment at the PCIE. (July 23 Email [Dkt. 91-11].) Plaintiff concludes that this counts as a reference to investigations into SIGIR and SIGIR officials, and thus Defendant's motion would require these two sentences to be redacted. (Pl. Opp. [Dkt. 91] at 4.) Plaintiff argues that such a redaction would unduly prejudice Plaintiff and risk confusing the jury. (*Id.*)

In its reply, Defendant clarifies that it does not seek to exclude any portion of this email through its motion.

In addition, the parties appear to be in agreement that, in using the July 23 email, Plaintiff should not discuss what the PCIE is.  (*See* Pl. Opp. [Dkt 91] at 4 ("Plaintiff need not discuss her appointment or anything else having to do with the PCIE"); Def. Reply [Dkt. 97] at 3.)  As a result, the Court concludes that no portion of this email should be excluded, but that Plaintiff should avoid discussing PCIE during her use of this exhibit.

    **3.**    **Plaintiff's and Cowart's Deposition Testimony Regarding Discrimination Complaints and Other Complaints Against SIGIR**

Plaintiff objects to Defendant's motion in so far as it would restrict her ability to present deposition testimony by herself and Ms. Cowart regarding Ms. Cruz's opinion of and actions towards persons who make or made complaints.  (Pl. Opp. [Dkt. 91] at 5-6.  In particular, Plaintiff seeks to introduce two pieces of deposition testimony.  First, Plaintiff argues that Defendant's motion should not exclude her testimony that Cruz told her that "These people who file discrimination complaints are weak links in the chain and looking for -- looking to excuse their own personal failing."  (Burgess Dep. [Dkt. 91-11] at 3-6.)  Second, Plaintiff argues that Defendant's motion should not exclude Ms. Cowart's testimony that Ms. Cruz

told her to "bad mouth some people, plaintiffs, . . . who were suing the SIGIR over job discrimination or some dispute and that I was to characterize them as disgruntled employees and not credible" to the lead investigator on the House of Representatives' committee on Government Oversight and Reform. (Cowart Dep. [Dkt. 91-12].) Plaintiff argues that this testimony is relevant to Plaintiff's retaliation claim as evidence that Ms. Cruz possessed retaliatory intent. (Pl. Opp. [Dkt. 91] at 5-6.)

The Court agrees with Plaintiff that deposition testimony related to these specific statements and actions by Ms. Cruz is relevant to Plaintiff's retaliation claim. Such statements and actions would make it more probable that Ms. Cruz possessed retaliatory animus when dealing with Plaintiff. *See Buckley v. Mukasey*, 538 F.3d 306, 319-21 (4th Cir. 2008); *Morris v. Washington Metropolitan Area Transit Authority*, 702 F.3d 1037, 1045 (D.C. Cir. 1983). And since Plaintiff seeks to introduce the above testimony to show the existence of retaliatory animus towards her, the Court concludes that this is admissible character evidence under Federal Rule of Evidence 404(b), which permits the introduction of character evidence to show motive and intent. *See Buckley*, 538 F.3d at 320. Moreover, the "critical importance" of this evidence to Plaintiff's "proof of retaliatory animus is not outweighed (much

less substantially outweighed) by any danger of unfair prejudice" or confusion by the jury. *Id.*

As a result, the Court denies Defendant's motion to the extent it seeks to exclude this testimony. However, the Court notes that in trial Plaintiff should try to minimize any potential dangers by emphasizing to the jury that this deposition testimony regarding statements and actions by Ms. Cruz—although associated with complaints against SIGIR and SIGIR officials—is to be considered only as evidence of retaliatory animus.

### 4. Use of All Allegations for Impeachment Purposes

Plaintiff asserts that she should not be precluded from using the allegations of investigations, corruption, sexual misconduct, and sorcery to impeach witnesses. Defendant contests that these allegations are not admissible for such a purpose.

Under Federal Rule of Evidence 608, a party may introduce evidence regarding a witness' character in order to impeach the witness's credibility, provided that the evidence is in the form of reputation or opinion and that the evidence is about the witness "having a character for truthfulness or untruthfulness." Fed. R. Evid. 608(a). A party, however, may not use extrinsic evidence to prove specific instances of a

witness's conduct in order to impeach the witness, except for evidence of a criminal conviction pursuant to Rule 609. Fed. R. Evid. 608(b).

Since there are no criminal convictions at issue here, Plaintiff may only use opinion and reputation evidence to impeach witnesses, and such opinion and reputation evidence must go towards the witnesses' character for truthfulness or untruthfulness. News reports and testimony regarding the existence of allegations and rumors of the witnesses' alleged bad, inappropriate, or generally salacious conduct are not opinion or reputation evidence regarding witnesses' character for truthfulness. As a result, such evidence and testimony is not admissible to attack witnesses' credibility. The Court therefore will prohibit Plaintiff from using this evidence and testimony in this manner at trial.

### IV.    Conclusion

For these reasons, the Court rules as follows:

(1)  Plaintiff's Motion *In Limine* re Evidence of Job Performance [Dkt. 77] is:

(a)  GRANTED as to Defendant's proposed exhibits 25 and 29,

(b)  DENIED as to Defendant's proposed exhibits 24, 26-27, 34, 47, 53, 56, and 75,

(c) DENIED as to the broad category of evidence, arguments, and testimony related to Plaintiff's job performance;

(2) Plaintiff's Motion *In Limine* re Complaints [Dkt. 78] is DENIED in its entirety;

(3) Plaintiff's Motion *In Limine* re Final Agency Decision [Dkt. 79] is GRANTED in its entirety; and,

(4) Defendant's Motion *In Limine* [Dkt. 82] is:

(a) DENIED in so far as it would exclude portions of deposition testimony by Plaintiff and Marthena Cowart regarding statements and actions by Ginger Cruz regarding individuals making discrimination complaints and regarding other complaints against SIGIR and SIGIR officials,

(b) DENIED in so far as it would exclude any portion of Plaintiff's proposed exhibit 82,

(c) GRANTED, both for affirmative and impeachment purposes, as to all other evidence, argument, and testimony regarding allegations that SIGIR officials were the subject of grand jury or President's Council on Integrity and Efficiency investigations, or engaged in corruption, harassment, sexually inappropriate misconduct, witchcraft or sorcery,

(d)   GRANTED as to Plaintiff's proposed exhibits 7, 19, 27,

34-36, 39-41, 115-120, and 127.


An appropriate Order will issue.



                              _____/s/_____
October 2, 2012                       James C. Cacheris
Alexandria, Virginia         UNITED STATES DISTRICT COURT JUDGE